# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MADELINE NOEL VIRGA<br>111 Stevenson Lane<br>Baltimore, Maryland 21212<br><br>*Plaintiff*<br><br>-against-<br><br>GREGORIO BERNARDINO DA SILVA NETO<br>209 Republica Dolibano<br>Brazil<br><br>and<br><br>ZUKHURIDDIN KHAMIDOV<br>15400 Belgrade St. #26<br>Westminster, CA 92683<br><br>and<br><br>TURO INC.<br>111 Sutter Street, Suite 1200<br>San Francisco, California 94104<br><br>*Defendants* | **Complaint for a Civil Case**<br><br>CASE NO.: _____<br>Jury Trial: yes |

## I. The Parties to This Complaint

### A. The Plaintiff

MADELINE NOEL VIRGA
111 Stevenson Lane
Baltimore, Maryland 21212
(443) 220-2947
maddyvirga18@gmail.com

### B. The Defendants

Defendant No. 1:

GREGORIO BERNARDINO DA SILVA NETO
209 Republica Dolibano
Brazil
Rental Vehicle Driver

Defendant No. 2:

ZUKHURIDDIN KHAMIDOV
15400 Belgrade St. #26
Westminster, CA 92683
Rental Vehicle Owner

Defendant No. 3:

TURO INC.
111 Sutter Street, Suite 1200
San Francisco, California 94104
Vehicle Rental Agent
*SERVE UPON:*
INCORPORATING SERVICES, LTD.
7801 Folsom Blvd. #202
Sacramento, CA 95826

## II. Basis for Jurisdiction

The basis for federal court jurisdiction is diversity of citizenship (28 U.S.C. § 1332).

1. The Plaintiff

    a. Plaintiff VIRGA is a citizen of Maryland.

2. Defendants

    a. Defendant KHAMIDOV, is a citizen of California.

    b. Defendant TURO INC., a corporation under the laws of the State of California having its principal place of business in the State of California.

    c. Defendant BERNARDINO DA SILVA NETO, a citizen of the country of Brazil.

3. Amount in Controversy

The amount at stake is in excess of $75,000. Plaintiff claims and possess evidence in excess of $35,000.00 in medical expenses as of the date of this filing, in excess of $45,000.00 in future medical expenses, in excess of $50,000.00 in current and future lost wages, and $50,000.00 damages associated with pain and suffering.

### III. Statement of Claim

1. On or about Tuesday, December 18th, 2018, at approximately 6:00 pm, Plaintiff VIRGA was traveling using a customary route home with which she had a high degree of familiarity. While traveling eastbound on Imperial Highway, she made a left turn onto Hawthorne Blvd, just south of the I-105 entrance. She then utilized the eastbound 105 on-ramp to continue her travel. While waiting at the ramp's customary entrance signal, which was red, her 2005 Toyota Camry (License Plate No. 5RHV324) was negligently struck from behind by a vehicle traveling at a significant speed.

2. The 2014 Chevy Camaro (License Plate No. 6832960) striking Plaintiff VIRGA from behind was driven by Defendant BERNARDINO DA SILVA NETO (hereinafter "Mr. DSN").

3. The car driven by Defendant DSN was owned by Defendant Khamidov.

4. Defendant Khamidov had provided Defendant DSN the vehicle associated with this claim via a vehicle leasing service owned and operated by Defendant TURO INC.

5. The evening of the incident was. The weather free of any occurrences which would have interfered with a driver's ability to maintain reasonable control of their vehicle; and in fact, quite bright from the available moonlight and highway lighting present that evening.

6. Subsequent to the impact Defendant Virga remained in her vehicle, visibly shaken by the impact. It was then that Defendant DSN approached Defendant Virga, inquiring as to her condition; and repeatedly apologizing, stating that he was distracted due to the use of his cellular telephone while driving.

7. Defendants respectively had a duty of care to operate their vehicle in a proper fashion, to ensure lessees where properly vetted, and to ensure any agents and or assignees operated within reasonable bounds of care, and breached their respective duties of care by failing to ensure the referenced vehicle was operated in a safe and proper manner.

8. Defendants' negligence proximately caused Plaintiff to suffer serious injuries about her head, body, and limbs, and to suffer great mental anguish, loss of work, wages and property damage. All such injuries were caused solely by the negligence of Defendants, without any negligence of Plaintiff.

## IV. Relief

Plaintiff seeks $130,000.00 in compensatory damages and 35,000.00 in medical expenses as of the date of this filing, in excess of $45,000.00 and $50,000.00 in special damages associated with her claim as well as any such further relief this honorable court may deem necessary and appropriate.

## V. Certification and Closing

Pursuant to the Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for

extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of signing: December 17, 2021

Christopher Millard
The Law Offices of Christopher Millard, LLC
8016 Bellona Ave., #43
Riderwood, Maryland 21139
(410) 821-7747
C.Millard@Millard.Legal
Bar No: 27953
*Attorneys for Plaintiff*

I DO SOLEMNLY DECLARE AND AFFIRM, under the penalty of perjury, that the matters and facts set forth herein are true and correct to the best of my knowledge, information, and beliefs.

MADELINE NOEL VIRGA